## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GENERAL MOTORS, LLC,**
**Employer Below, Petitioner**

**vs.)    No.  16-0182**  (BOR Appeal No. 2050681)
                         (Claim No. 2015017191)

**STEPHANIE KIDRICK,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner General Motors, LLC, by Courtney S. Moore, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated January 26, 2016, in which the Board affirmed the June 30, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 22, 2014, rejection of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Kidrick tripped on a sidewalk in the General Motors, LLC, parking lot on December 10, 2014, as she was walking into work. She completed an employee's statement of injury that same day which stated she twisted her ankle stepping off of the sidewalk. Ms. Kidrick was treated at the General Motors, LLC, on-site medical clinic and then referred to Med Express.  A December 10, 2014, left ankle x-ray taken at Med Express revealed a fracture.

The claims administrator rejected the claim on December 22, 2014, as the injury did not arise out of or in the course of employment. The Office of Judges reversed the claims administrator's decision in its June 30, 2015, Order. It found the claim compensable for a left ankle fracture. West Virginia Code §23-4-1 (2008) provides that a personal injury received by an employee in the course of and resulting from employment is compensable. The Office of Judges

1

found the evidence established that Ms. Kidrick was injured when she tripped on a sidewalk on her way to work. It found Ms. Kidrick's left ankle fracture to be a personal injury. It also found that the injury occurred in the course of and as the result of Ms. Kidrick's employment because she was on the property of General Motors, LLC, going to work when she fell. The Office of Judges concluded that the claim should be held compensable for a left ankle fracture.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 26, 2016. After review, we agree with the findings of fact and conclusions of the Office of Judges as affirmed by the Board of Review. As we have long held, "where an employee is accidentally injured upon premises owned or controlled by the employer at a point reasonably proximate to the place of work, while the employee is going to or from his work on a permissible route in general use by the employees, such injury will be deemed to have arisen from and in the course of the employment, within the Workmen's Compensation Act." *Bilchak v. Workmen's Compensation Commissioner*, 153 W.Va. 288, 168 S.E. 2d n723 (1969).

General Motors, LLC, asserts that Ms. Kidrick injured her ankle prior to falling while walking through the parking lot on December 10, 2014. However, there is no evidence supporting that assertion. General Motors, LLC, also asserts that Ms. Kidrick's fall was idiopathic. The fact that Ms. Kidrick tripped negates that assertion. The record supports the compensability of the claim for a left ankle fracture.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker